FILED
2012 Apr-26  AM 10:33
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| **JOHN WILLIAM GILAM,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.:  4:11-CV-1005-VEH** |
| | ) | |
| **JIMMY HARRIS, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

## MEMORANDUM OPINION

### I.    Introduction and Procedural History

The plaintiff in this case, John William Gilam ("Mr. Gilam"), is proceeding *pro se*.  Pending before the court is Defendant Sheriff Harris's Motion To Dismiss  (Doc. 11) (the "Sheriff's Motion") filed on February 7, 2012.  Because of the plaintiff's *pro se* status, the court entered a special scheduling order (Doc. 13) on the Sheriff's Motion on April 3, 2012.

Within this scheduling order, the court cautioned Mr. Gilam about the insufficiency of the allegations set forth in his initial complaint:

> [The court] is concerned about the shotgun nature of the complaint (Doc. 1) filed in this lawsuit.  *See, e.g., Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 979 (11th Cir.  2008) ("The complaint is a model 'shotgun' pleading of the sort this court has been roundly, repeatedly, and consistently condemning for years, long before this lawsuit was filed.") (footnote omitted); *id.* at 980-81 ("No

competent lawyer-whether skilled in Title VII litigation or not-could compose an answer to these sweeping and multifaceted acts of discrimination that would be in keeping with what the framers of the Rules envisioned in fashioning Rule 8(b).") (footnotes omitted); *see also* Fed. R. Civ. P. 8(a)(1)-(3) (detailing what "[a] pleading that states a claim for relief must contain").

The Eleventh Circuit has specifically instructed district courts not to let an ambiguously worded and lumpily drafted complaint remain pending <u>even if unchallenged by a defendant</u>: "In light of defense counsel's failure to request a repleader, 'the court, acting *sua sponte*, should have struck the plaintiff's complaint, and the defendants' answer, and instructed plaintiff's counsel to file a more definite statement.'" *Davis*, 516 F.3d at 984 (citation omitted).

In addition to shotgun concerns, here, Mr. Gilam has not even attempted to breakdown his complaint into separate counts or causes of action asserted against each defendant. Instead, he has filed a document that is in a procedurally non-compliant format. *Cf. Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) ("[A]lthough we are to give liberal construction to the pleadings of *pro se* litigants, 'we nevertheless have required them to conform to procedural rules.'" (quoting *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002))).

(Doc. 13 at 2-3).

The court then required Mr. Gilam to file a new complaint:

The court directs Mr. Gilam to Rule 8 of the Federal Rules of Civil Procedure for guidance on what constitutes an acceptable pleading in federal court. *See* Fed. R. Civ. P. 8(a) ("A pleading that states a claim for relief must contain:  (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.").

2

Accordingly, Mr. Gilam is **HEREBY ORDERED** to file a new complaint  no later than April 24, 2012:  (1) that avoids all shotgun allegations; (2) that specifically identifies which claims are being pursued against each defendant in separately numbered counts; (3) that indicates the relief he is seeking for each separate count;  and (4) that otherwise substantially complies with Rule 8 of the Federal Rules of Civil Procedure. **Further, the court expressly warns Mr. Gilam that his failure to adequately address the court's pleading concerns as outlined herein may result in the dismissal of his complaint without prejudice**.  Specifically, because the dismissal would be entered "without prejudice" by the court, Mr. Gilam's right, if any, to sue in state or federal court would not be barred by such a dismissal.

(Doc. 13 at 3-4).

In an effort to comply with the court's order, Mr. Gilam filed an amended complaint on April 20, 2012.  (Doc. 14).  For the reasons explained below, the court concludes that Mr. Gilam's case is due to be dismissed without prejudice, and the Sheriff's Motion is due to be termed as moot.

## II.     Standards

### A.     *Pro Se* Pleadings

As an initial matter, "[*p*]*ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (citing *Fernandez v. United States*, 941 F.2d 1488, 1491 (11th Cir. 1991)). Accordingly, Mr. Gilam's allegations are not appropriately subject to dismissal simply because they

lack procedural precision or completeness in the context of Rule 8 of the Federal Rules of Civil Procedure.

### B.    Motions to Dismiss

A Rule 12(b)(6) motion attacks the legal sufficiency of the complaint. *See* Fed. R. Civ. P. 12(b)(6).   The Federal Rules of Civil Procedure require only that the complaint provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated by Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007); *see also* Fed. R. Civ. P. 8(a).

While a plaintiff must provide the grounds of his entitlement to relief, Rule 8 does not mandate the inclusion of "detailed factual allegations" within a complaint. *Twombly*, 550 U.S. at 545 (quoting *Conley*, 355 U.S. at 47).   However at the same time, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).   "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563.

"[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950.   "While legal conclusions can

4

provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 129 S. Ct. at 1950.  "When there are well-pleaded factual allegations, a court should assume their veracity and then determine <u>whether they plausibly give rise to</u> <u>an entitlement to relief.</u>"  *Id.* (emphasis added).  "Under *Twombly*'s construction of Rule 8 . . . [a plaintiff's] complaint [must] 'nudge[] [any] claims' . . . 'across the line from conceivable to plausible.'  *Ibid.*"  *Iqbal*, 129 S. Ct. at 1950-51.

A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

### C.    Failure to Prosecute

Even in the absence of a pending motion, a district court has the inherent power to dismiss an action on the basis of a plaintiff's failure to prosecute or otherwise comply with its orders.  As the United States Supreme Court has clarified this long-standing principle:

> The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.  That it has long gone unquestioned is apparent not only from the

many state court decisions sustaining such dismissals, but even from language in this Court's opinion in *Redfield v. Ystalyfera Iron Co.*, 110 U.S. 174, 176, 3 S. Ct. 570, 28 L. Ed. 109.  It also has the sanction of wide usage among the District Courts.  It would require a much clearer expression of purpose than Rule 41(b) provides for us to assume that it was intended to abrogate so well-acknowledged a proposition.

*Link v. Wabash R. Co.*, 370 U.S. 626, 630-31, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (footnotes omitted).

## III.   Analysis

### A.   Subject Matter Jurisdiction

Mr. Gilam's federal complaint centers upon the handling of his criminal case, which is pending in the Circuit Court of DeKalb County, Alabama.  (Doc. 14 at 1; *see also* Doc. 12-2 ("ALABAMA SJIS CC/DC CASE DETAIL" for Mr. Gilam)).  More specifically, Mr. Gilam contends in the first sentence of his amended pleading that he "suffers illegal and unconstitutional conditions of treatment as a result of improper use of legal procedure after being detained, and the unfolding of process thereafter." (Doc. 14 at 2).

Additionally, several of Mr. Gilam's counts relate to his treatment as a defendant in the state court criminal process.  (*See, e.g.*, Doc. 14 at 6 ("The defendants improper procedure on the initial arrest was without legal force and probable cause resulting in confinement in order to allow time for an attempt to

provide proper procedure on second arrest that underlies the initial one . . . .")); *id.* ("The Defendants denial of meaningful access to courts for a person confined within the wheel of justice in DeKalb County . . . .")).   Before deciding whether Mr. Gilam has asserted enough to state claims against Sheriff Harris under the *pro se* and *Twombly* pleading standards, the court addresses the issue of federal subject matter jurisdiction *sua sponte*.

Unlike state courts, federal tribunals are bodies of limited jurisdiction, meaning that the grounds for the court's jurisdiction must be present at the time the complaint is filed and must be obvious on the face of the complaint.  Fed. R. Civ. P. 8(a); 28 U.S.C. § 1330, *et seq.*  The law is clear that Mr. Gilam, the person seeking to invoke federal jurisdiction in this case, has the burden to demonstrate that the court has subject matter jurisdiction.  *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936).   Lack of subject matter jurisdiction cannot be waived or expanded by judicial interpretation, and a jurisdictional deficiency can be raised at any time by either the parties or the court.  *Sosna v. Iowa*, 419 U.S. 393, 398 (1975); *Am. Fire & Cas. Co. v. Finn*, 341 U.S. 6, 17-18 (1951).

Here, Mr. Gilam complains about the legal process and the inappropriate handling of his state criminal case.  However, because the state criminal prosecution is yet to be completed, the court's subject matter jurisdiction is called into question

by the ripeness doctrine.

As the Eleventh Circuit has explained the doctrine of ripeness:

> We review the question of whether a case is ripe for adjudication *de novo*.  *See Elend v. Basham*, 471 F.3d 1199, 1204 (11th Cir. 2006). In evaluating whether a claim is ripe, we look at both "the hardship that a plaintiff might suffer without court redress and the fitness of the case for judicial decision." *Id.* at 1211.  If a claim is not ripe, the district court lacks jurisdiction to issue a ruling on the merits and therefore must dismiss that claim without prejudice. *See Georgia Advocacy Office, Inc. v. Camp*, 172 F.3d 1294, 1299 (11th Cir. 1999).  Additionally, "the party invoking the court's jurisdiction bears the burden of proving, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction." *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) (per curiam).

*Serpentfoot v. Rome City Com'n*, 322 Fed. App'x 801, 805 (11th Cir. 2009).

Mr. Gilam has not adequately shown how his federal lawsuit is fit for a judicial decision in light of the incompleteness of his criminal case.  In particular, to proceed with evaluating Mr. Gilam's constitutional claims, the court would have to speculate as to the outcome of the state criminal proceedings against him and offer an impermissible advisory opinion about the merits of his federal case.  *Cf. Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 129 L. Ed. 2d 383 ("We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or

sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.") (footnote omitted).

Because of the still pending nature of the state criminal case against Mr. Gilam, his request for a federal court to review it for constitutionally deficiencies is premature. Additionally, any hardship that Mr. Gilam may suffer in withholding review is outweighed by the unfitness of this case for a judicial decision at this juncture.

Mr. Gilam's federal complaint also raises *Younger* abstention concerns. *See Green v. Jefferson Cnty. Comm'n*, 563 F.3d 1243, 1250 (11th Cir. 2009) ("The Supreme Court [in *Younger*], concluding that the state criminal proceeding offered a sufficient forum for the plaintiff to raise his constitutional defense, abstained from hearing the plaintiff's claim and <u>stated the general rule that a federal district court must refrain from enjoining pending criminal state court proceedings except under certain special circumstances</u>.") (emphasis added). To entertain Mr. Gilam's requests for declaratory relief in the form of a judgment "that defendants' acts, policies and practices described herein violate plaintiff's rights . . . ." as well as for a preliminary and permanent injunction which "prohibits defendants, their successors, agents, and

employees and all persons acting in concert with them [to] be restrained from any acts of retaliation or harassment against Plaintiff, or witness in this action" (Doc. 14 at 7) implicate *Younger* abstention, and nothing in the record suggests that an exception to the doctrine would apply. *See 31 Foster Children v. Bush*, 329 F.3d 1255, 1276 (11th Cir. 2003) ("In order to decide whether the federal proceeding would interfere with the state proceeding, we look to the relief requested and the effect it would have on the state proceedings. The relief sought need not directly interfere with an ongoing proceeding or terminate an ongoing proceeding in order for *Younger* abstention to be required." (citations omitted)).

Therefore, this court should abstain from exercising subject matter jurisdiction and avoid interfering with the inchoate state criminal proceedings against Mr. Gilam on the basis of *Younger*. (*Cf.* Doc. 11 at 2 ¶ f ("Because there is an underlying and ongoing state criminal action, this action is due to be dismissed because of the doctrine of abstention.")). Accordingly, Mr. Gilam's lawsuit is due to be dismissed without prejudice on jurisdictional grounds.

## B. Failure To Prosecute

Alternatively, Mr. Gilam's lawsuit is due to be dismissed without prejudice on failure to prosecute grounds. Here, the court gave Mr. Gilam express prior warning that a failure to replead his claims as required by the court could result in a dismissal

of his case without prejudice.  Despite this warning, Mr. Gilam's efforts to replead his claims still include shotgun allegations and do not otherwise comply with this court's repleading requirements.

In particular, the factual allegations section lacks any reference to Sheriff Harris's underlying unconstitutional conduct. (Doc. 14 at 4-5). Moreover, the court cannot tell who the "defendant" is or "defendants" are with respect to the separate counts that Mr. Gilam has asserted.  (*Id.* at 5-6).  Further, Mr. Gilam also has not segregated the type of relief that he seeks under each count, but instead collectively includes "PRAYERS OF RELIEF" at the end of the amended pleading.  (Doc. 14 at 7-8).

These deficiencies make it impractical to address the merits of the pending Motion filed by Sheriff Harris as the court is unable to decipher which counts, if any, Mr. Gilam intends to assert against him.  Further, the court cannot readily determine the scope, much less assess the viability of Mr. Gilam's claims with respect to any of the other named defendants.  Accordingly, a *sua sponte* dismissal of Mr. Gilam's case without prejudice is also appropriate due to his inadequate repleading . *See Link*, 370 U.S. at 630, 82 S. Ct. at 1388-89 (acknowledging power of courts "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"); *cf. Albra v. Advan, Inc.*,

11

490 F.3d 826, 829 (11th Cir. 2007) ("[A]lthough we are to give liberal construction to the pleadings of *pro se* litigants, 'we nevertheless have required them to conform to procedural rules.'" (quoting *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002))).

## IV.   Conclusion

Consistent with the above analysis, the court will enter a separate order dismissing Mr. Gilam's case without prejudice on jurisdictional and failure to prosecute grounds and terming the Sheriff's Motion as moot.

**DONE** and **ORDERED** this the 26th day of April, 2012.

**VIRGINIA EMERSON HOPKINS**
United States District Judge